In England an action will lie for an escape on mesne process, whether the escape be voluntary or negligent; for there, when the sheriff has taken the body, he must produce it, or return (486) a bail bond; and if he has him not at the day assigned by the writ, he fails in his duty: but here, the sheriff may, if he pleases, permit the party to go at large, and become his special bail under the act of 1777, ch. 2, sec. 16 and 76; so that here, perhaps, it is not an escape subjecting the sheriff to an action if he has not the body at the day. The plaintiff may consider the sheriff as bail, and the defendant in his custody, and proceed to judgment; whereas, in England, the plaintiff cannot proceed in such case to judgment. If the sheriff is to be considered as bail when he returns an arrest without a bail bond, and has not the party in prison, then he may surrender the defendant at any time before final judgment against himself as bail upon a sci. fa., which he cannot do if an action for escape lies against him. In England a voluntary permission to go at large will make a recaption by the sheriff unlawful; here it will not. The sheriff is considered as bail, and perhaps may retake him for the purpose of making a surrender. Upon these considerations it is possible that the action for an escape, where it is permitted by the sheriff, is not the proper action, but that he ought to be proceeded against as bail bysci. fa. Perhaps this escape may have been effected by force and violence, under such circumstances as to make it a rescous, and then the sheriff is not liable by any law. It is true, he has returned simply that the prisoner escaped; but as he must have known that a negligent or voluntary escape would not excuse him, he probably intended to have returned a rescous. An opinion was given by some of the present judges, not long ago at Halifax, that a sheriff upon a negligent escape might be considered as bail. I wish to consider the case before I give my judgment. I wish it to be specially stated.
It was so stated accordingly, and afterwards in this term was argued by Duffy for the sheriff and Taylor for the plaintiff; and the Court gave judgment for the plaintiff, saying the returning an escape excludes the supposition of the sheriff's having become bail; though Mr. Duffy *Page 390 
strongly insisted that the plaintiff by proceeding to judgment as he had done in the county court, had thereby admitted, notwithstanding the return, that the defendant was in court, which could not otherwise be than by his returning to prison after the return or by being considered as bailed by the sheriff. To which it was answered, e contra, that the judgment is erroneous for that cause, but is to be considered as a (487) good judgment till reversed.
See Swepson v. Whitaker, and the note thereto, ante, 224.
Cited: Hart v. Lanier, 10 N.C. 246; Huggins v. Fonville, 14 N.C. 394;Barker v. Munroe, 15 N.C. 415.